## Thomas F. Dolan *vs.* John W. Thomas.*

l statute imposing the penalty of a certain fine and *minimum* term of imprisonment for a first offence is not repealed by the enactment of a subsequent statute, providing that on conviction of such an offence the court may in its discretion impose the penalty either of the fine or the imprisonment, where the offender shall prove to the satisfaction of the court that he has not before been convicted of a similar offence, and also providing that all inconsistent statutes are repealed.

Habeas corpus to the sheriff of Norfolk. The case, which is sufficiently stated in the opinion, was reserved by the chief justice for the determination of the whole court.

*E. Avery,* for the prisoner, cited *Commonwealth* v. *Kimball,* 21 Pick. 373.

*Reed,* A. G., for the respondent.

Bigelow, C. J. It appears by the record of the judgment and sentence under which the petitioner is held in custody, that he was convicted of being a common seller of spirituous and intoxicating liquor in the superior court for the county of Norfolk; and for that offence was ordered to pay a fine of fifty dollars, and also to be imprisoned for the term of three months in the house of correction for that county. This judgment was rendered subsequent to the time when the *St.* of 1866, *c.* 280, "in regard to the sentence of criminals," took effect; and the question for our determination is, whether, by reason of any of the provisions in the latter statute, the sentence is invalid, so that the petitioner cannot be legally held thereon.

There can be no doubt that the sentence in question was awarded under Gen. Sts. *c.* 86, § 31 ; it being the *minimum* penalty thereby provided for a first conviction of being a common seller of spirituous and intoxicating liquor. It is contended on behalf of the petitioner that that section of the General Statutes, although not repealed in express terms by *St.* 1866, *c.* 280, is nevertheless abrogated under § 4 of the latter statute, which repeals all acts and parts of acts inconsistent with its previous

---

* This case and the two following cases were argued at Boston in June 1866.

provisions. But on comparing the two provisions, it seems to us that there is no repugnancy or inconsistency between them which can in any way affect the judgment and sentence on which the petitioner is held. Under the section of the General Statutes already cited, the penalty for being a common seller of intoxicating liquor is fixed at a *minimum* fine and term of imprisonment, namely, fifty dollars and three months in the house of correction ; and no authority or discretion is vested in the court imposing the sentence to inflict a lesser punishment, or to dispense with either the fine or the imprisonment. The guilty party is absolutely subject to both.

But by the first section of *St.* 1866, *c.* 280, it is provided that when an offender is made subject to the punishment of fine and imprisonment in the house of correction or common jail, the court may in its discretion inflict only the penalty of the fine without the imprisonment or the imprisonment without the fine, in all cases where the offender shall prove, to the satisfaction of the court, that he has not before been convicted of a similar offence. It is obvious that this provision is applicable only to a certain class of cases. It does not extend to and include every case where a party convicted is liable to fine and imprisonment in a house of correction or common jail, but only to cases where the offender shall show to the court that he has not before been convicted of a similar offence. As to all other cases, the provisions of previous statutes in relation to the punishment of criminals remain unchanged.

Now there is nothing in the present case to show that the petitioner came within the class of offenders to which the new statute is applicable. It does not appear by the record or otherwise that he brought himself within that category, by proving to the court by which the sentence was imposed that he had not before been convicted of a similar offence. Certainly there is no presumption that the offence charged in the indictment, of which the petitioner stands convict, is his first conviction of a like offence. On the contrary, the statute imposes the burden of establishing this fact on the accused party, in order to entitle him to ask for the exercise of the discretion of the court in

dispensing with a part of the penalty attached to the offence of which he stands convict. If, therefore, the argument in behalf of the petitioner were well founded, that the first section of the *St.* of 1866, *c.* 280, repeals all previous provisions in relation to cases coming within the purview of that enactment, it would not affect the case of the petitioner, because it does not appear that he brought himself within the class of offenders to which the statute is applicable.

But, in a broader view, we are clearly of opinion that the first section of the statute in question does not operate as a repeal of any previous provision of law in relation to the punishment of criminals. In the construction of statutes, the main objects to be kept in view are, that the intention of the legislature is to be carried out if it can be done by a fair and reasonable interpretation of the language used, and all repugnancy and inconsistency between different provisions relating to the same subject matter are to be avoided, if possible. When a statute is to be construed in reference to or in connection with a previous enactment, it is necessary to consider whether the two can have full operation and be carried into effect harmoniously. If they can, then both are to stand. Repeals by implication are not favored. It is not at all material, as the counsel for the prisoner seems to suppose it to be, that the two provisions, when brought together, cannot be read grammatically. It is the substance of the different enactments that is to be regarded, in order to ascertain the intent of the legislature as to their operation and effect.

Guided by these rules of interpretation, there is no room for doubt, not only that the legislature did not intend to repeal that clause in the General Statutes which prescribes the punishment for being a common seller of intoxicating liquor, or any other previous enactment by which fine and imprisonment are imposed as a penalty for an offence, but that the first section of *St.* 1866, *c.* 280, is not inconsistent with or repugnant to any other provision of law relating to the sentence of criminals. It does not change any previously prescribed penalty, nor does it substitute a new or different kind of punishment in the place of that which former statutes had affixed to certain classes of offences.

The effect of the statute was merely to vest in the court a dis cretion, by the exercise of which they were authorized to miti-gate the sentence to which an offender was liable, by dispensing with a portion of the prescribed punishment. The extent of the repeal of previous statutes is then only this : that, in a certain class of cases, instead of a fixed and inflexible rule of punish-ment, which could not be modified or varied, the court has au-hority to substitute a milder sentence. Clearly such a statute is not a violation of any right or privilege of an accused party, nor does it render the class of offences to which it relates, and which were committed prior to its enactment, dispunishable. It does not inflict any greater punishment than was before pre-scribed; it is not therefore *ex post facto;* it only authorizes a mitigation of a penalty ; it is therefore an act of clemency, which violates no right, but grants a privilege to a convicted party. *Commonwealth* v. *Wyman*, 12 Cush. 237. *Commonwealth* v. *Gardner*, 11 Gray, 445. *Commonwealth* v. *McKenney*, 14 Gray, 1. *Prisoner remanded.*